PER CURIAM:
Claimant brought this action for damages to his vehicle which occurred on June 2, 2001, when he was operating his vehicle on County Route 60, locally known as Glen Easton Road, in Marshall County. Claimant came upon a tree limb hanging over the road which he was unable to avoid thus his vehicle struck the limb causing damage to the windshield and driver side mirror. Respondent was responsible at all times herein for the maintenance of County Route 60. The Court is of the opinion to deny this claim for the reasons set forth below.
Claimant testified that he was driving his 1986 Chevrolet pick up truck on June 2, 2001, at approximately 10:00p.m. Itwas dark, foggy, and raining slightly so the road was wet in places. As he drove downhill at about twenty miles per hour, he came around a curve and saw a tree limb hanging out over the road. He swerved to miss the limb, but it struck the windshield and side mirror on the driver’s side of his vehicle causing damages in the amount of $130.11. Photographs submitted in evidence depict the area as a narrow road with many trees hanging over the roadway. Claimant determined that this particular limb had broken from one of the trees and was hanging over and into the road. Claimant did not have any insurance available to cover the damages to his vehicle.
Respondent’s County Administrator for Marshall County, Ronald Faulk, testified that respondent received notice from the Wheeling Tunnel personnel of the hazardous limb on County Route 60 at 6:30 a.m. on June 3, 2001, at which time employees were sent to the area to remove the limb. Mr. Faulk described County Route 60 as a low priority road that is paved, but it is a narrow feeder road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable defective conditions of this type, a claimant must prove that respondent had actual or constructive notice of the situation and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The Court, having reviewed the record in this claim, has determined that respondent was not negligent in its maintenance of County Route 60 on the date of claimant’s accident. Respondent did not have adequate notice of the fact that a limb was hanging from a tree into the roadway of County Route 60 creating a hazardous situation for drivers using the road; therefore, the Court cannot find liability on the part of the respondent in this claim.
In accordance with the findings as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.